Matthews' Adm'r v. Tobener.

———◦◦◦———

LAWRENCE MATTHEWS' ADM'R, Respondent, v. HENRY TOBENER, Appellant.

*Landlord and Tenant — Surrender.* — What will amount to a surrender is a question which may be presumed from facts. An actual and continued change of possession by the mutual consent of the parties will be taken as a surrender by operation of law, whether the possession be delivered to the landlord himself or to another in his behalf. Where the tenant notified the landlord of his intention to surrender the premises and sent him the keys, and the landlord permitted another person to take and occupy the premises without any consent by the tenant, *Held*, that the tenant was discharged.

*Appeal from St. Louis Law Commissioner's Court.*

The petition states that on the 1st January, 1866, plaintiff rented to defendant, by a written lease, certain premises in St. Louis for the yearly rent of $300 per annum, payable monthly in sums of $25, for three years ; that defendant entered and occupied, but owes for the use and occupation for the months of May and June, 1862, the sum of $36 ; and is further indebted to plaintiff in the sum of $450 for the rent of said premises, under said lease, from the 1st day of July, 1862, to the 1st day of January, 1864,—making the total indebtedness of said defendant to plaintiff the sum of $486, for which he asks judgment.

The answer admits the execution of the lease and entry and occupation thereunder, but denied owing the rent claimed in the petition for the occupancy of the premises, or any indebtedness whatever for or by reason of said lease, or the matters stated in plaintiff's petition, because that on the 1st May, 1862, defendant surrendered the possession of the premises to the plaintiff, which plaintiff accepted.

The evidence showed a notice directed and delivered to the plaintiff, dated November 1, 1861, declaring the intention of the defendant to surrender the possession of the house on the 1st of January following ; the vacation of the house, according to said notice, just prior to 1st January, 1862; at the time of the vacating, a delivery of the key of the house to the plaintiff in person; a receipt of the key by plaintiff, and at the time inquiring if he (defendant) had moved everything out, and, being so informed, the retaining of the key by the plaintiff until June, 1863; a delivery by the plaintiff of the key, at the time last stated, to an applicant therefor— one Caspar, a stranger to defendant; and, upon obtaining the key by Caspar from plaintiff, his (Caspar's) entry upon the premises, and user and occupation by him (Caspar) from that time (June, 1863).

Instructions for plaintiff:

1. Plaintiff asks the court to declare the law governing the case to be, that, when there is a written subsisting lease between the parties for a term of years, a written notice to quit, or a written offer to surrender the premises at a future time, and before the expiration of such time, and a delivery of the keys to the premises by the lessee to the lessor at the time mentioned in such notice, or offer, do not of themselves operate as a surrender of the lease by operation of law as against the lessor; that outside of these mere facts some prior, contemporaneous or subsequent agreement of the lessor must be shown indicatory of an intention on the lessor's part to discharge the lessee from the further payment of rent, or that such intention must be at least inferable from the lessor's conduct, in order to raise a conclusive presumption of surrender in law.

2. The court, of its own motion, declares the law to be, that no surrender by act or operation of law of a lease can take place without the intention of the parties, actual or implied, except in cases where the owner of a particular estate does an act, the validity of which he is afterward estopped

from disputing, and which could not have been done if the particular estate continued to exist. That the granting of a new lease by the lessor to the lessee, to commence during the period covered by the old lease, or the accepting of the keys by the lessor from the lessee, coupled with his taking possession of the premises, or letting them to another tenant, is such an act. That, however, when the evidence shows the following facts, to wit: that A. holding certain premises, under a written lease for a period of three years from B., at the expiration of the first year (first having given to B. written notice of his intention to surrender at that time) removed from and sent through his agent the keys of the premises to B.'s place of business, where they were left with B. or his agent; and that B., after a lapse of over one year from that period, delivered the keys to C., a stranger, who demanded them of him, B. remarking to C. at the time that he had no authority to let the premises to him,—it fails to show such act on the part of B. (the lessor) as would estop him from denying any surrender, or such acts as would show any intention on the part of B. to treat the lease as surrendered, or from which any intention could reasonably be presumed.

3. And the court, sitting as a jury, refuses to presume a surrender, by act or operation of law, having taken place either at the time when the lessee quit the premises and left the keys with the landlord, or at the time when the landlord delivered them to C., although C. went into possession and occupied the premises free of rent until the expiration of the term of three years granted by B. to A.

Defendant's instructions, refused:

1. If the court, sitting as a jury, find from the evidence that the defendant gave notice to his landlord of his intention to quit and surrender the premises which been leased to him at a specified day, and at such day did accordingly quit and surrender the possession thereof; and that after such notice was delivered to him, or came to his knowledge, the landlord took possession of such premises and put another party in

actual possession and occupation of the same, so as to render it impossible for the tenant to use and occupy the premises himself,—then the tenancy is·thereby legally determined from,that time by operation of law. And if the facts in this case are as stated in the foregoing instruction, then the plaintiff cannot recover in this action against the defendant.

2. The lease of a house as between the lessor and lessee is determined by the delivery of the key to the lessor, accompanied by his (the landlord's) receipt of the same, and putting another tenant in the house. The tenant's removal of his goods with the landlord's assent, and the delivery of the key to the landlord and his acceptance thereof, amounted to a surrender in law. And if during a subsisting lease the landlord, with the assent of his tenant who quits the premises, accept and treat a third person as his (the landlord's) tenant, this amounts to a valid surrender of the original tenant's interest, and acceptance thereof by the landlord, by act and operation of law.

The following was given for the defendant:

3. A surrender of an estate by operation of law is where parties without an express surrender do some act which implies, and which the law implies, as making in itself or necessarily attending a surrender, and this surrender by operation of law may under circumstances exist even as against the intention of the parties to such implied surrender—the actual intention of the parties not necessarily being in question.

*Jecko & Clover*, for appellant.

I. The evidence clearly showed a surrender by operation of law, and which being done, discharged the lessee from the terms of the lease on his part.

II. A surrender by operation of law being the act of the law may take place independently of, and even in spite of, the intention of the parties — Tay. Land. & Ten. § 507; Patchen v. Dickerman, 31 Vt. (Shaw,) 666.

III. The petition shows a case of suit for rent for use and

occupation conjoined with a demand for rent on the covenants of a lease. The plaintiff sues for the rent, at $18 per month, for the months of May and June, 1862; and for $450, being for the rent of the premises "under said lease" from the 1st day of July, 1862, to the 1st day of January, 1864, at the rate of $25 per month—which cannot be done.

The party plaintiff sues for use and occupation, and on the covenants of the lease in the same count of the same petition; this an error of record—Bateson v. Clark, 37 Mo. 31.

IV. If not a surrender, then the entry and evictions terminated the right of the landlord to collect rent after he put Caspar in possession—2 Barb. 180; 11 Mass. 494; 5 Taunt. 518; 8 Barn. & Cr. 324; 3 Bing. 462; 2 Man. & Ry, 438; 7 Dowling & R. 603; 11 Moore, 379; 3 Esp. 225; Woodf. 246; Com. Land. & Ten. 349; Com. Dig. Cov. F. ——; 3 Co. 159.

WAGNER, Judge, delivered the opinion of the court.

It appears in this case that the respondent leased to the appellant the demised premises for the period of three years, and that before the termination of the lease the respondent notified the appellant in writing that he would deliver up and surrender the same on or before a certain day designated. On respondent's vacating the premises, he sent the key to the appellant, who received it without objection, and subsequently placed one Caspar in possession, who continued in their use and occupation till after the time for which they were let to the respondent. There is no evidence to show that Caspar took possession with the privity, connivance or consent of the appellant; but, on the contrary, he says in his evidence, that, seeing the premises vacant and desiring to possess them, he went to the appellant and asked him for the key, and that the appellant told him he did not have the key and could not give him the possession, and that he must go to the respondent and obtain it from him.

What will amount to a surrender is often a question which may be presumed from facts. An actual and continued change

of possession by the mutual consent of the parties will be taken as a surrender by operation of law, whether the possession is delivered to the landlord himself or to another in his behalf—Tay. Land. & Ten. 515. In the case of Randall v. Rich, 11 Mass. 493, it was held that when a house was leased under seal and the lessee before the expiration of the term quit the premises and delivered the key to the lessor, who put another person into the house, that it was a surrender, and that the lessor could not recover of the lessee for after-accruing rents.

If the delivering over the key was by mutual consent of the parties, in the absence of any other understanding between the parties a surrender might well be presumed; and when there was no testimony tending to show an agreement or understanding between the parties, the respondent had no right to re-assume possession, and permit another person to use and occupy the premises, if he designed to regard the lease as continuing; and when he delivered over the key to Caspar and gave him a direct permission to enter, use and occupy without any privity or consent of the appellant, it amounted from that time to an eviction.

It follows that the instructions given by the court were wrong, and the judgment must be reversed and the cause remanded. The other judges concur.