## LADD & BUSH, RESPONDENTS, *v.* THOMAS SMITH, APPELLANT.

LANDLORD AND TENANT—SURRENDER OF LEASE.—The surrender of a lease by the tenant and its acceptance by the landlord extinguishes any liability to pay rent accruing subsequent to such acceptance.

IDEM.—A surrender may be by consent of the parties expressly given or by operation of law.

IDEM.—A surrender will not be implied by law from the mere act of delivering the keys of the premises by the tenant to the landlord.

IDEM—WHEN A RELEASING BY LANDLORD WILL OPERATE AS ACCEPTANCE OF A SURRENDER.—If the tenant abandons the premises and delivers the keys to the landlord, and the landlord accepts them, and thereafter leases the premises to another person, and puts such person in possession, from such acts a surrender will be implied by operation of law.

APPEAL from Marion County.

This is an action by the respondents to recover an alleged balance due them for rent upon an unexpired lease.

The appellant defends by alleging a surrender of the lease, and an acceptance by the respondents.

The cause was tried without the intervention of a jury by the judge, who rendered the following finding of fact: 1. That the defendant leased of the plaintiffs the Chemeketa Hotel for four years from the first day of September, 1874, at the rent of four hundred dollars per month; 2. That on the fourth day of November, 1876, the defendant abandoned said premises and gave the keys to the plaintiffs, and paid the rent up to that time; 3. That at the time of said abandonment and the delivery of the keys, plaintiffs in-

formed the defendant that they would not accept of him a surrender of said lease or discharge him from its obligations, but that they received the keys and would protect the property from waste and would hold the defendant to the lease; 4. That after said fourth of November, the plaintiffs took possession of said premises to preserve the same, and that on the twenty-second day of November, 1876, plaintiffs leased said premises and one adjoining apartment to one S. F. Mathews, for the rent of three hundred dollars per month, and that since that date plaintiffs have received from said Mathews three hundred dollars per month rent for said property so rented to him; 5. That said additional apartment so rented to said Mathews with said hotel is worth twenty-five dollars per month; 6. That during the month of December, 1876, and January, February and March, 1877, the plaintiffs received as rent for said hotel, without said additional apartment, the sum of eleven hundred dollars.

As conclusions of law, the court found in effect that the respondents did not accept the surrender made by appellant, and that the latter was liable for the amount specified in the lease, less the amount received by respondents under their lease to Mathews, and judgment was rendered accordingly.

*James K. Kelly and Jno. M. Gearin,* for appellant:

The lease to Mathews was a surrender in law of the former lease of Ladd & Bush to Thomas Smith. It was an acceptance of the proposition made by the latter to the former, on the fourth of November, 1876, and released the defendant from his obligation to pay rent from that time. (*Mathews, admr. v. Tobener,* 39 Mo. 115; *Smith v. Niver,* 2 Barb. 180; *Randall v. Rich,* 11 Mass. 493; *Whitehead v. Clifford,* 5 Taunt. 518; 1 Eng. C. L. 173; *Walls v. Atcheson,* 3 Bing. 462; 13 Eng. C. L. 52; *McKinney v. Reader,* 7 Watts, 123, Taylor's L. & T., sec. 507, 509, 515; 117 Mass. 351; 31 Wis. 638; 48 Maine. 573.)

The plaintiffs having re-let the demised premises, on the twenty-second of November, and having received rent to

the fourth of the same month, they cannot recover for any portion of the same month in this action. (*Grimme* v. *Legge*, 8 B. & C. 324.)

*Knight & Lord and Mallory & Shaw*, for respondents:

There could be no surrender of the lease without the consent of plaintiffs, and this consent of plaintiffs was not had; for, on the fourth day of November, 1876, at the time defendant abandoned the premises and delivered the keys to plaintiffs, he, defendant, was informed by plaintiffs that they would not accept of him a surrender of the lease or discharge him from its obligations, but that they would hold him to the lease. The delivery of the keys under these circumstances was not a surrender. (*Bloomer* v. *Merrill*, 1 Daily, p. 485: 2 Story on Contr., secs. 947, 951; *Townsend* v. *Albers*, 3 E. D. Smith's 560; 2 Smith's Lead. Cas. 758; 15 Wend. 400; 25 Penn. 481; Taylor on Land. and Ten. sec. 647; 30 N. Y. 454.)

By the Court, WATSON, J.:

The numerous assignments of error in the notice of appeal, present but one question. Do the facts admitted by the pleadings or found by the court amount to a surrender of the lease set up in the complaint? If they do, the findings of law and the judgment are erroneous and the judgment ought to be reversed. If they do not, the defendant remained liable on his covenant to pay rent on the lease, and the conclusions and judgment of the court below are correct, and the judgment ought to be affirmed.

"If a tenant for life or for years yields up his estate to him who has the immediate estate in reversion or remainder, it is called by the law a surrender, the effect of which is to extinguish all claim for rent not due at the time. The estate for years in such case is drowned by mutual agreement 'between them.'" (1 Wash on Real Prop., 1 ed., 359.) Surrender may be by express agreement of the parties or by operation of law. It is not claimed in this case that there was any express agreement of the parties for the surrender of the lease. The surrender, if any, was by operation of law.

Professor Washburn, in his work on Real Property, uses the following language: "The reader will find a summary of the law in the following language of Parke B., in *Lyon* v. *Reed:* 'We must consider what is meant by a surrender by operation of law. This term is applied to cases when the owner of a particular estate has been a party to some act, the validity of which he is by law afterwards estopped from disputing, and which would not be valid if his particular estate had continued to exist. There the law treats the doing of such act as amounting to a surrender. In such case it will be observed there can be no intention. The surrender is not the result of intention. It takes place independently, and even in spite of intention.'" We think that to this summary may be added the proposition that where the owner of the particular estate has abandoned the premises, and the owner of the reversion has entered into possession of the same, and leased them by a valid lease to a third person, and placed such person in the possession of the premises, these facts amount to a surrender by operation of law. (1 Wash. on Real Prop., 1st ed., 360; *Matthews, administrator,* v. *Tobener,* 39 Mo. 115.)

Whether the delivery of the keys of the premises by the defendant to the plaintiffs, and their acceptance by them and their resumption of the possession of the premises was a surrender of the lease, depends upon the intention of the parties. The acts of the defendant are so inconsistent with any other intention than that of surrendering his lease, that if the surrender was accepted by the plaintiffs, defendant would be estopped to deny it. Those of the plaintiffs, so far as the receipt of the keys and their taking the possession of the premises are concerned, are consistent with their intention not to accept the surrender, but to hold defendant upon his covenant to pay rent on his lease. They allege in the reply that they expressed this intention to him at the time, and the court below found this allegation true. Under the circumstances, they had the right to accept the keys and take possession of the premises, in order to protect them from waste. The law does not infer an acceptance of the surrender from such acts. (*Bloom* v. *Merrill,* 1 Daily,

485; *Van Rensselaer's Heirs* v. *Penniman,* 6 Wend. 671.) Still we do not think that it was necessary that the surrender and acceptance should be at the same time. Plaintiffs had the right, at any time before the defendant withdrew the keys, or resumed possession of the premises, to accept the surrender. When they made a valid lease of the premises to another tenant, and delivered to him the possession of them, they did an act inconsistent with the continuance of defendant's term, and which estopped them to deny that they accepted the surrender. There were then mutual estoppels.

Defendant was estopped by his unequivocal acts to deny that he had surrendered the premises and his estate therein; and plaintiffs were estopped by their commission of an act inconsistent with the continuance of a term to deny that they had accepted its surrender.

We think that according to the weight of the authorities cited here was a surrender by the operation of law. (*Matthews ad.* v. *Tobener,* 39 Mo. 115; *Smith* v. *Nion,* 2 Barb. 180; *Randall* v. *Rich,* 11 Mass. 493; *Walls* v. *Atcheson,* 13 Eng. C. L. 52; *Gunie* v. *Legge,* 15 C. L. Eng. 229.)

We think the acts of the parties alleged in the pleadings, and found by the court, are so inconsistent with the continuance of the lease, that no evidence of the intention of the parties could well remove the presumption of a surrender. It certainly cannot be claimed that after the lease was made to Mathews, defendant could have resumed the possession of the demised premises, or that if plaintiffs had received from Mathews a larger amount for the rent of the premises than defendant was to pay, that he would have been entitled to the excess.

It was suggested in the argument that the presumption of the acceptance of the surrender of the lease might be avoided upon the theory that in making the lease to Mathews, plaintiffs acted as the agents and for the benefit of defendant. This theory is not supported by the allegations in the proceedings, or by the findings of the court. The reply, it is true, alleges that at the time of the surrender of the keys, plaintiff told defendant, among other things, that "if they re-let the

premises, the defendants would be charged the difference between such sum as they might receive for the same, and that defendant had agreed to pay." It does not allege that defendant ever assented to this proposition, or that when they did lease the premises, they leased them as the agents of defendant or for his benefit.

The court below evidently regarded the allegation in the reply just quoted, as immaterial, for it did not find upon it. We are of the opinion that if it had been found for plaintiffs, it would not have entitled them to recover.

From these views it follows that the judgment of the court below should be reversed and a new trial ordered.