HENRY C. KOENIG, Appellant, v. MILLER BROTHERS BREWERY COMPANY, Respondent.

St. Louis Court of Appeals, December 3, 1889.

1. **Landlord and Tenant.** When, with the consent of all the parties in interest, a new tenant is substituted in the place of another, who is in possession as lessee, the transaction amounts to a surrender of the lease.

2. **Statute of Frauds.** One bound as surety for the original lessee is discharged by such substitution, and an oral agreement by him, in consideration of said substitution to answer as surety for the obligations of the new tenant, is within the statute of frauds, and is not binding.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Sale & Sale*, for the appellant.

Plaintiff's assent to the transfer of the lease to Ritter did not release Heimburger from his express contract to pay rent; hence the defendant is still liable for the unpaid rent. *Wilson v. Gerhardt*, 13 Pac. Rep. 705; Taylor's Land. & Ten., sec. 438; Wood on Land. & Ten., secs. 302, 347; Washburn on Real Prop. *326. Defendant's agreement was not a collateral promise. The plaintiff and defendant were the parties to the transaction. There was no promise from Ritter to the plaintiff. The transaction was, therefore, not within the statute. *Greene v. Burton*, 59 Vt. 423; Brandt on Guaranty, sec. 56; Browne on Stat. Frauds, 249. Especially since the liability of the defendant would be implied without any express promise. Browne, sec. 166; Brandt, sec. 54. Where the promisor, by his promise, causes plaintiff to lose some advantage, lieu or benefit, which inures to the promisor, and the securing of which was the purpose of the transaction between the promisor and promisee, the statute does not apply. *Garner v. Hudgins*, 46 Mo. 403; *Walther v. Merrill*, 6 Mo. App. 370; Roberts on Frauds, p. 232; Browne on Stat. Frauds, p. 255, sec. 214.

*Kehr & Tittmann*, for the respondent.

An actual and continued change of possession by the mutual consent of the parties is a surrender, by operation of law, whether the possession be delivered to the landlord himself or to another in his behalf. *Mathew's Adm'r v. Tobener*, 39 Mo. 115; *Hutcheson v. Jones*, 79 Mo. 496; *Prior v. Kiso*, 81 Mo. 241–8; 2

Taylor on Land. & Ten. [8 Ed.] secs. 514, 515; *Lamar v. McNamee*, 10 G. & J. 116; *Kinsey v. Minnick*, 43 Md. 112. The primary obligation between Heimburger and the plaintiff having been terminated by the surrender of the term, the obligation of Heimburger's surety terminated with it. The verbal assent of the treasurer that the brewery company should become surety for Ritter is void, under the statute, even if it assumed that the corporation had the power to enter into the contract of surety, and that the treasurer was authorized to act for it in that behalf, two propositions by no means conceded.

THOMPSON, J., delivered the opinion of the court.

The petition in this case states, that, on a date named, the plaintiff leased certain premises in writing to George Heimburger, and that the defendant, the Miller Bros. Brewery Company, at the same time agreed in writing under its corporate seal, as follows :

"We, the undersigned, the Miller Bros. Brewery Company, a corporation, hereby covenant and agree and bind ourselves to all the conditions and covenants to the foregoing lease, as security for said lessee, George Heimburger.

"MILLER BROS. BREWERY COMPANY,

"(Seal.)                HERMANN MILLER, Pres."

The petition recites that afterwards, on a date named, the defendant requested the plaintiff to substitute one Charles Ritter as lessee of the premises in the place of Heimburger, and that, in consideration of plaintiff's promise to make this substitution, the defendant *agreed to be bound as surety* for the rent of the premises for the unexpired term of the lease ; that thereupon, in pursuance of this agreement; and by consent of all parties to the lease, Ritter was placed in possession of the premises as tenant under the lease that the plaintiff then and there delivered his copy of the lease to the defendant, with the understanding

between the parties that the same should be amended so as to conform to the agreement herein set forth, but that the defendant failed and neglected to make the amendment. The petition further avers that, by agreement with the defendant, the Miller Bros. Brewery Company, the plaintiff collected the rent from the defendant continuously from the date of the lease to the nineteenth day of June, 1887, after which the defendant refused to pay the rent any longer, and the plaintiff therefore brings this action for certain agreed rent.

The answer admits that the defendants became bound as surety for Heimburger under the lease described in the petition, but only for the period of time during which he occupied the premises as the plaintiff's lessee; avers that the defendant did not agree to be bound for the successor of Heimburger; alleges that no such agreement or memorandum or note thereof *in writing* is signed by the defendant, and pleads the statute in such cases made and provided.

At the trial, evidence was given to show a state of facts substantially like those alleged in the petition, and it indisputably appeared that, when Ritter was substituted as tenant in the place of Heimburger, there was no new agreement in writing, executed, by which the defendant undertook to become bound as surety for Ritter. Although the evidence is to the effect that the president of the defendant corporation agreed that the corporation should execute such a paper, yet in point of fact it was never done.

Upon this state of case the learned judge gave an instruction to the effect that, upon the pleadings and evidence the plaintiff could not recover. It will be perceived that, according to the allegations of the petition, the defendant corporation became bound "*as security*" for the original lessee, George Heimburger, and when the arrangement for the substitution of the new lessee was made, "*agreed to be bound as surety*" for the new

tenant. The state of the pleadings does not, therefore, warrant the consideration of any evidence tending to show an original undertaking on the part of the defendant to become bound for the payment of the rent. Whether the evidence tends to show such an undertaking we need not consider, as this question is often a close and difficult one, and it might properly arise should another action be brought to charge the defendant as an original promisor.

We take it that the substitution of the new lessee by the act of the parties, although done by parol, operated in law as a surrender of the term created by the former lease. *Mathews v. Tobener*, 39 Mo. 115; *Hutcheson v. Jones*, 79 Mo. 496; *Prior v. Kiso*, 81 Mo. 241, 248. When it was arranged to substitute the new lessee, then, according to the averments of the petition, and the evidence, the brewery company agreed by parol to become bound in like manner, *i. e.*, as surety for the new lessee; but, as the evidence concedes that no writing to that effect was ever executed, no action can be brought to charge the defendant upon the agreement, because such an action is disallowed by section 2513, Revised Statutes for 1879,—the promise being an engagement "to answer for the debt, default or miscarriage of another person."

In the printed argument for respondent there is a suggestion that the agreement, even if good within the statute of frauds, was *ultra vires*, on the ground that a manufacturing corporation has no faculty of becoming surety for anyone. There are decisions in other jurisdictions which give point to this suggestion. *Lucas v. White Line Transfer Co.*, 70 Ia. 541; s. c., 59 Am. Rep. 449; *Davis v. Old Colony Railroad Co.*, 131 Mass. 258; s. c., 41 Am. Rep. 221; *Davis v. Smith American Organ Co.*, 107 Mass. 456. But this defense was not pleaded; we do not know what powers this defendant may have had under its charter; and we do not wish to

express any opinion, in a case where the question is not before us, as to whether a manufacturing corporation can or cannot become surety for a lessee who is put in possession of premises to be exclusively occupied for selling the manufactured product of the corporation.

The judgment will be affirmed. All the judges concur.