Argued April 8, affirmed May 25, 1920.

## GEARIN *v.* ROTHCHILD BROS.

### (189 Pac. 992.)

**Landlord and Tenant—Tenant Forfeiting Lease and Improvements Liable for Rent.**

1. A tenant leasing and improving property *held* liable for rent due at time of forfeiture by reason of failure to pay rent, the lease providing that the lessor could terminate for such reason "without prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenant," and that improvements became the property of lessor immediately upon construction.

From Multnomah: ROBERT TUCKER, Judge.

See, also, 88 Or. 403 (170 Pac. 923).

Department 2.

On October 5, 1906, the plaintiff leased to the defendant for a period of 23 years from April 1, 1907, lot 4 in block 64 of the City of Portland, whereby the defendant covenanted and agreed to pay the plaintiff a monthly rental of $1,200 for the first 21 years of the lease, and $1,450 monthly for the remaining 2 years. The complaint alleges that the defendant failed, neglected and refused to pay rental for the months of May and June, 1916, or any part thereof; and that there is now due and owing $2,400 on account of such lease, for which amount the plaintiff asks judgment. Attached to the complaint is a copy of the lease, the material portions of which are as follows:

"That in consideration of the covenants and agreements hereinafter contained on the part of the said lessee to be by it done, kept and performed, the said lessor for herself, her heirs, executors, administrators and assigns, does hereby lease"

—the property above described; that the defendant

should pay the stipulated rental in advance, and in addition thereto all taxes, street and sewer assessments and any charge levied against the property or the ownership thereof during the period of the lease; that if the lessee should proceed at once after April 1, 1907, to remove the old buildings on the premises and actually to construct a new one, the stipulated rent should be remitted for the months of July, August and September, 1907, and that:

"It is further expressly contracted and agreed by and between the parties hereto that as soon as convenient after the said first day of April, A. D. 1907, the said lessee shall erect upon said property a building costing not less than eighty-five thousand dollars ($85.000.00), and to be not less than seven (7) stories high, with suitable basement, and to be erected and constructed in accordance with the requirements of the ordinances of the City of Portland; said building to be completed within one (1) year from said first day of April, A. D. 1907."

Should the lessee fail to erect and pay for the structure within one year from April 1, 1907, it should forfeit to the lessor as stipulated damages the sum of $50,000, but the lease provided that if it should in good faith commence and prosecute the construction of the building, and be delayed by strikes or similar causes beyond its control, such penalty would not be enforced. The instrument further recites:

"It is mutually understood and agreed that the ownership of all buildings and improvements put upon the said premises is to vest in the said lessor immediately, as soon as the same are constructed, subject, however, to the provisions of this lease"; and that:

"The liability of the lessee for breach of any of the covenants or agreements herein provided shall be limited to forfeiture of this lease and all of the improvements, save and except such additional penalties as are provided for failure to build and insure, as hereinbefore provided."

It was further provided that, should the lessee fail or neglect to keep or perform any of the terms or conditions of the lease by it to be fulfilled, the lease and all rights thereunder should be forfeited; that the lessor should be entitled to take possession of the property; that "all interest therein and title thereto of the said lessee shall at once forfeit and vest in said lessor"; that without further notice or demand the latter might enter and expel the said lessee "without being taken or deemed guilty in any manner of trespass and without prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenant"; and that at the end of the lease or the prior termination thereof the lessee should "quit and deliver up the premises and all the future erections, buildings, additions or improvements thereon or thereto." Provision was also made that the defendant should insure the building, to whom the loss, if any, should be paid, and for a reconstruction at the option of the lessee, in the event of a total loss.

The defendant admits the making of the lease, and the failure to pay the rent as alleged, but denies that there was anything due or owing, and for a first affirmative defense avers that it constructed a building upon the lot in question, at a cost of $140,000, and insured it as required by the agreement; that during the month of March, 1916, and continuously thereafter to October 27th of that year, the defendant

96 Or.—23

failed to pay the rent, and on the later date the plaintiff elected to terminate the lease and repossess herself of the property together with the improvements placed thereon by the defendant, and then commenced an action of forcible entry and detainer in the Circuit Court for Multnomah County, wherein she recovered judgment for the restitution of the premises, upon which execution was issued about December 2, 1916; that she then terminated the lease and evicted the defendant from the premises, took possession thereof and of the improvements thereon, and penalized the defendant without any accounting or compensation; that since that date the plaintiff has been and now is in possession of the said realty and the improvements thereon; and that in accord with the terms of the lease she has availed herself to the limit of defendant's liability for any breach and is not entitled to recover further. The second affirmative defense is an equitable plea alleging that the defendant had expended $140,000 for improvements on the property; that by reason of the plaintiff's bringing her action of forfeiture and evicting the defendant, the latter was entitled to have the value of its improvements "considered as a fund for the security of whatever might be due under the lease, and out of all proportion to the amount due, and entitling the defendant to an accounting"; that it would be "unjust and inequitable to declare a forfeiture of property of such great value as a penalty, and that the rights of the parties can only be fairly established through an accounting between them to determine the amount of setoffs due the plaintiff under any breach of the covenants and agreements of the lease." The defendant prays for an accounting.

To such pleas the plaintiff filed a demurrer "for the reason that the same do not state facts sufficient to constitute a defense." This was sustained, and as the defendant refused to plead further, judgment was entered in favor of the plaintiff for the full amount of the accrued rental. The defendant appeals.                                          AFFIRMED.

For appellant there was a brief over the name of *Messrs. Bernstein & Cohen,* with an oral argument by *Mr. Alex Bernstein.*

For respondent there was a brief over the names of *Mr. Martin L. Pipes, Mr. Hugh C. Gearin, Mr. John M. Pipes* and *Mr. George A. Pipes,* with oral arguments by *Mr. Martin L. Pipes* and *Mr. Gearin.*

JOHNS, J.—1. The lease now before this court is the identical instrument upon which the action was brought in the case of *Gearin* v. *Rothchild,* 88 Or. 403 (170 Pac. 923), is between the same parties and concerns the same property. Both cases are for arrears of rent prior to forfeiture, and the causes of action are identical in form, differing only as to the months' rental for which recovery is sought. The earlier litigation was for arrears of rent for half the month of March and the month of April, 1916, and the instant action is to recover rent for the months of May, June, July and August of the same year. In the former case, as in the present, there was no forfeiture or surrender at the time the action was commenced. There, this court held the defendant liable for arrears of rent then accrued. Here, the defense is based solely upon the fact that after the rent became due and the cause of action had arisen, and before this litigation was commenced, the plain-

tiff brought her action for forcible entry and detainer and through judgment of eviction obtained possession of the property; and it is contended that after she had so obtained possession by eviction she could not recover for the prior rental which had accrued.

The plaintiff was the owner of the property and made the lease to the defendant "in consideration of the covenants and agreements hereinafter contained, on the part of the said lessee to be by it done, kept and performed." The covenants "hereinafter contained" are the promises to construct a building on the property at a cost of not less than $85,000, to pay the taxes, insurance and assessments against the premises, and to pay the stipulated rental during the life of the lease. All of these provisions entered into and were a part of the consideration for the making of the lease.

That instrument expressly provides that the ownership of all buildings or improvements placed upon the premises "shall vest in the lessor immediately after the same are constructed." Although it is true that the lease recites that, in case of total destruction of the building by fire, the lessee may abandon the lease, and that by delivery to the lessor of her proportionate share of the insurance "the lease shall terminate," no such event occurred; and there is no claim that the lessee surrendered or abandoned the lease. It is alleged and admitted that the rent was not paid; that for such reason the defendant was evicted; and that the lease was terminated by the lessor. This she had a legal right to do. The instrument further provides that such action on her part shall be "without prejudice to any remedies which might otherwise be used for

arrears of rent or preceding breach of covenant."
When the defendant constructed the building, it
legally knew that, by the terms of the agreement,
the same would become the property of the plaintiff,
and it also knew that this was one of the considera-
tions upon which it was to have the use and occupa-
tion of the property upon paying the stipulated
monthly rental in money; that, if such cash rental
should be in arrears for ten days, the plaintiff at
her option could terminate the lease; that, when it
was so terminated, the agreement and all rights
thereunder should be at an end and the plaintiff
would be entitled to the property; and that such ter-
mination and possession would be without prejudice
to any remedy which she might otherwise have for
collecting arrears of rent. There is no merit in the
defense. The judgment is affirmed.     AFFIRMED.

McBRIDE, C. J., and BEAN and BENNETT, JJ.,
concur.