Submitted on briefs May 22, reversed October 16, rehearing denied November 13, 1928.

## SWETLAND BUILDING COMPANY *v.* THE CHILDREN'S HOME.

(270 Pac. 927.)

For appellant there was a brief over the names of *Messrs. Joseph, Haney & Littlefield* and *Mr. John C. Veatch.*

For respondent there was a brief over the names of *Mr. Guy C. H. Corliss* and *Mr. Russell E. Sewall.*

COSHOW, J.—■ The special assessment was levied upon the property by virtue of an ordinance ordained since the lease was entered into. In fact, the city charter did not at that time authorize the city to levy a special assessment against property for street lighting. Both parties proceed upon the theory that, if the special assessment for the ornamental lighting is included within the terms of "sidewalk" and "street assessments" as used in the modified lease, then plaintiff is liable to pay the assessment. Defendant also contends that by the terms of the lease it is liable for no taxes, either general or special, except the general taxes levied upon the land. The fact that the authority of the city was granted and the ordinance making the special assessment was ordained subsequent to the date of the modified lease does not affect the liability of plaintiff. This is the general law throughout the country: *J. W. Perry Co. v. Norfolk,* 220 U. S. 472 (55 L. Ed. 548, 31 Sup. Ct. Rep. 455); affirming *Norfolk v. Perry Co.,* 108 Va. 28

(61 S. E. 867, 128 Am. St. Rep. 940, 35 L. R. A. (N. S.) 167); *Kimball* v. *Cotting*, 234 Mass. 172 (125 N. E. 551).

■ ■ It is a general rule of construction that where the language of a lease is of doubtful meaning and susceptible of two constructions it must be construed favorably to the lessee. To construe a lease is to ascertain the meaning of the parties thereto. Their meaning must be determined from the language of the lease, and where that is doubtful other established rules of construction are utilized. For the purpose of determining the meaning of the parties we must apply the ordinary rules of construction that leases, like other contracts, must be construed as a whole. The lease and the subsequent modification thereof should be construed together: *Gearin* v. *Rothchild Bros.*, 88 Or. 403 (170 Pac. 923); *Dellwo* v. *Edwards*, 73 Or. 316 (144 Pac. 441).

■ If no provision is made in a lease for the payment of assessments or taxes such must be paid by the landlord. Plaintiff is liable for only such assessments levied upon the property as the lease requires it to pay: *Des Moines Union Ry. Co.* v. *Chicago, Great Western Ry. Co.*, 188 Iowa, 1019 (177 N. W. 90, 9 A. L. R. 1157); and other authorities cited above. We think this principle is of such general application that it is not questioned in this suit. We think that the modification of the lease which contains the provision in force for the payment of assessments and taxes requires plaintiff to pay the special assessment levied for the purpose of installing and maintaining for five years the ornamental lighting system. It will be noticed that in the original lease, defendant's predecessor was required to pay all street and sewer assessments and city liens of

this character while the modification requires the plaintiff's predecessor to pay all "sidewalk, sewer, water main and street assessment on all of said property, both land and improvements." Plaintiff is required by the terms of the lease to pay specific charges against the property enumerated in the modification of the lease. This enumeration includes all of the taxes and assessments plaintiff is required to pay: 13 C. J. 537; *Wood* v. *Morath*, 128 Miss. 143 (90 South. 714); 35 C. J. 1181, 1182; *Harvard College* v. *Aldermen of Boston*, 104 Mass. 470, 483; *Park Building Co.* v. *George P. Yost Fur Co.*, 208 Mich. 349 (175 N. W. 431); and other cases hereinabove cited. The parties to the lease intended to require plaintiff to pay all taxes except general taxes against the land. While the subsequent authority would not prevent plaintiff's liability, it is a matter we have considered for the purpose of determining the intent of the parties to the lease: *Des Moines Union Ry. Co.* v. *Chicago, Great Western Ry. Co.*, 188 Iowa, 1019 (177 N. W. 90, 9 A. L. R. 1557). We believe that the ornamental street lighting comes within the terms "sidewalk and street assessments." We think the terms "sidewalk and street assessments" were intended to cover all assessments or special taxes levied against the property during the term of the lease in the nature of street improvements. We think that ornamental street lighting is in the same class as "sidewalk and street assessments," as that language was used in the lease. In a broad sense the term "ornamental street lighting" is included in "street improvements": *Swan Point Cemetery* v. *Tripp*, 14 R. I. 199; *Love* v. *Howard*, 6 R. I. 116; *Codman* v. *American Piano Co.*, 229 Mass. 285 (118 N. E. 344), which cited and distinguishes *Sutter* v. *Jordan*

*Marsh Co.*, 225 Mass. 34 (113 N. E. 580); *Des Moines Union Ry. Co.* v. *Chicago, Great Western Ry. Co.*, 188 Iowa, 1019 (177 N. W. 90, 9 A. L. R. 1557).

We think it must be conceded that lighting is a local improvement: *Ewart* v. *Village of Western Springs*, 180 Ill. 318 (54 N. E. 478); *Ankeny* v. *Spokane*, 92 Wash. 549 (159 Pac. 806, L. R. A. 1917A, 1093). Among other cases relied upon by defendant is *Ankeny* v. *Spokane*, above. We think that case is authority for our conclusion that ornamental street lighting is in the same class as street improvements, either for the street generally or for sidewalks thereof. On page 559 Mr. Justice FULLERTON, who wrote the opinion, says:

"But the improvement of a street usually causes an increase of travel thereon by the general public, and consequently an increase of wear over normal conditions. It is not just that the abutting property owners should be charged with the expense caused by this increase of travel, and the courts generally hold that the burden cannot be placed on them. But the situation with reference to an electric lighting system is in no way analogous. The system may have a local situs, benefiting only that part of the city wherein it is situated. It is of such a nature that increased use of the street by the public does not impair its efficiency, or add to the cost of its maintenance or operation."

With this language we concur. The theory of assessment or special taxes is based upon the benefits to the property taxed. Ornamental street lighting confers no permanent benefit upon the property assessed. The benefits are more or less transitory and are enjoyed by the party actually using the premises. In the instant case the time for which the assessment was made will have expired many years before the

term of the lease will expire. Defendant cannot possibly benefit by the improvement. Taking the lease by its entirety we conclude that the intent of the parties thereto was to relieve the owner of any and all taxes, including special taxes, except the general tax levied upon the land. The language in that regard is:

"That said Lessee shall pay all taxes on all the buildings and improvements on said premises, and said Lessor shall *only* pay the tax on the land, * * "

■ It is very evident that the special tax levied for constructing and maintaining the ornamental street lighting is not a tax on the land. The remaining portion of the clause of the lease from which the last quotation was taken covered all of the objects of special assessment the charter authorized the city to levy. We think the intention of the parties to the lease was to require the lessee to pay all special assessments that should be levied against the property. The terms of the lease indicate that such was part of the consideration which induced the modification of the original lease. These considerations require reversal of the judgment and decree. It is so ordered. A decree will be entered here in accordance with this opinion.          REVERSED.    REHEARING DENIED.